<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO.; GEICO INDEMNITY CO.; GEICO GENERAL INSURANCE COMPANY; and GEICO CASUALTY CO., <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVE MEDICAL CARE, P.C.; NJ PAIN & SPINE, PC; EDNAN SHEIKH, M.D.; and AVANT GUARD MEDICAL, LLC, <br><br> Defendants. | Case No. 2:24-cv-10909 (BRM) (JRA) <br><br> **MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Active Medical Care, P.C.; NJ Pain & Spine, PC; Ednan Sheikh, M.D.; and Avant Guard Medical, LLC's (collectively, "Defendants") Motion to Compel Arbitration and Stay the Proceedings ("Motion"). (ECF No. 70.) Plaintiffs Government Employees Insurance Co.; GEICO Indemnity Co.; GEICO General Insurance Company; and GEICO Casualty Co. (collectively, "GEICO") filed an Opposition. (ECF No. 75.) Defendants filed a Reply. (ECF No. 80.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion is **ADMINISTRATIVELY TERMINATED**.

This case concerns the alleged "submission of thousands of fraudulent and unlawful no-fault . . . insurance claims . . . for purported examinations, drug screens, pain management

1

injections, electrodiagnostic ('EDX') testing, and related health care services," which GEICO alleges "purportedly were provided to individuals who claimed to have been involved in automobile accidents and were eligible for coverage under GEICO [personal injury protection ('PIP')] insurance policies." (Am. Compl. (ECF No. 65) ¶ 1.) Defendants claim for years GEICO has been "filing nearly identical lawsuits . . . supported by cookie-cutter complaints," and "[a]lthough GEICO calls these fraud and racketeering cases and positions itself as a crusader rooting out healthcare fraud, the reality is far simpler: these cases are about money." (ECF No. 70-3 at 1.)

GEICO initially filed its Complaint on February 8, 2024, in the U.S. District Court for the Eastern District of New York. (ECF No. 1.) On April 23, 2024, Defendants[1] filed a motion to dismiss or, in the alternative, to transfer the matter to the U.S. District Court for the District of New Jersey. (ECF No. 17.) On November 14, 2024, the court granted Defendants' motion to transfer venue, denied the motion to dismiss, and transferred the case to the District of New Jersey. (ECF No. 33.) GEICO filed an Amended Complaint before this Court on June 5, 2025. (ECF No. 65.) Defendants filed a Motion to Compel Arbitration and Stay the Proceedings on July 7, 2025. (ECF No. 70.) GEICO filed an Opposition on August 4, 2025. (ECF No. 75.) Defendants filed a Reply on August 18, 2025. (ECF No. 80.)

Defendants argue GEICO's New Jersey Insurance Fraud Prevention Act ("IFPA") claims must be arbitrated under the Federal Arbitration Act ("FAA") pursuant to (1) the New Jersey Automobile Reparation Reform Act ("No-Fault Law"), N.J. Stat. Ann. 39:6A-4 *et seq.*, (2) GEICO's Decision Point Review Plan ("DPRP"), and (3) Third Circuit precedent. (ECF No. 70-3

---

[1] Defendant Avant Guard Medical, LLC, was added as a Defendant in GEICO's Amended Complaint. (ECF No. 65; ECF No. 75 at 6.)

at 10–12.) Much of Defendants' argument hinges on the Third Circuit's decision in *Government Employees Insurance Co. v. Mount Prospect Chiropractic Center, P.A.*, 98 F.4th 463 (3d Cir. 2024). (*See, e.g.*, ECF No. 70-3 at 1 ("[I]t is settled under [*Mount Prospect*] that the claims do not belong in court; they belong in arbitration.").) Defendants further argue Section 3 of the FAA requires the Court to stay "both the arbitrable New Jersey claims and the non-arbitrable New York Claims." (*Id.* at 12–18.) In the alternative, Defendants argue the Court should use its discretionary power to stay the non-arbitrable New York claims. (*Id.* at 18–27.)[2]

GEICO argues its claims are not subject to arbitration under either the New Jersey Automobile Insurance Cost Reduction Act's (the "AICRA")[3] arbitration provision, N.J. Stat. Ann. § 39:6A-5.1(a), or their New Jersey DPRP. (ECF No. 75 at 11–16.) GEICO contends the New Jersey Superior Court, Appellate Division's decision in *Allstate New Jersey Insurance Co. v. Carteret Comprehensive Medical Care, PC*, 330 A.3d 361 (N.J. Super. Ct. App. Div. 2025), which was issued after the Third Circuit's decision in *Mount Prospect*, "could not have been more clear that the Third Circuit's predictive rulings on New Jersey state law [in M*ount Prospect*] were mistaken." (ECF No. 75 at 11.) GEICO further maintains "Defendants also fail to establish their standing to invoke the DPRP's arbitration provisions in the first place." (*Id.* at 16–19.) Additionally, GEICO argues Defendants have "waived any arbitration rights they otherwise might

---

[2] Defendants also request discovery be stayed pending the outcome of the Motion. (ECF No. 70-3 at 27–28.) However, discovery in this case is already stayed. As Defendants recognize in their Reply brief, "on August 1, 2025, the Hon. Jose Almonte stayed all discovery in this case pending resolution of the Motion to Compel Arbitration." (*Id.* (citing ECF No. 76).)

[3] The AICRA was a comprehensive amendment to the No-Fault Law. *See Patel v. Riotto*, Dkt. No. A-1559-15T4, 2017 WL 541419, at *1 (N.J. Super. Ct. App. Div. Feb. 9, 2017) ("[T]he New Jersey Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1 to –35 . . . [underwent a] subsequent amendment, the Automobile Insurance Cost Reduction Act, *N.J.S.A.* 39:6A–1.1 to –35."); *Haines v. Taft*, 204 A.3d 263, 272 (N.J. 2019) (noting the AICRA accomplished "a comprehensive set of legislative amendments").

have had." (*Id.* at 19–23.) Finally, GEICO posits "the FAA is inapplicable in this case." (*Id.* at 23–29.)

In *Mount Prospect*, the Third Circuit consolidated the appeals of three cases, including one from this Court. 98 F.4th at 466. Those cases involved similar claims to the ones in this case and were brought by the same plaintiffs. *See id.* at 466–67. This Court, as well as the two other district court decisions consolidated into the appeal, previously held GEICO's IFPA claims could not be arbitrated, but the Third Circuit reversed, "predict[ing] that the New Jersey Supreme Court would allow arbitration of IFPA claims." *Id.* at 473, 469. Finding the IFPA claims fell under the "plain text" of the AICRA's arbitration provision and were subject to the arbitration provision in GEICO's Precertification and Decision Point Review Plan, the Third Circuit "remand[ed] with instructions to compel arbitration of GEICO's IFPA claims." *Id.* at 469–71. 473.

After *Mount Prospect*, the New Jersey Superior Court, Appellate Division, issued an opinion explicitly "disagree[ing] with the Third Circuit's conclusion [in *Mount Prospect*] regarding New Jersey law," and stating "[b]ecause [its] holding is based on New Jersey law, [it is] not bound by or persuaded by the reasoning and conclusions in" *Mount Prospect*. *Carteret Comprehensive*, 330 A.3d at 375–76. Specifically, *Carteret Comprehensive* held IFPA claims "are not subject to PIP arbitration under AICRA," vacated orders compelling arbitration, and "remand[ed] with instruction that plaintiffs be permitted to pursue their claims in the Law Division, with the right to a jury trial." *Id.* at 365. Importantly here, on July 8, 2025, the New Jersey Supreme Court granted a petition for certification of the judgment in *Carteret Comprehensive*. 337 A.3d 913, 337 A.3d 914, 337 A.3d 915 (2025).

Based on the grant of certification in *Carteret Comprehensive*, multiple other district judges in this District have administratively terminated similar actions brought by GEICO pending a

4

decision from the New Jersey Supreme Court. *See Gov't Emps. Ins. Co. v. Natale*, Civ. A. No. 23-cv-02338, ECF No. 118 (Bumb, J.) ("This Matter comes before the Court upon Defendants' letter advising the Court that the New Jersey Supreme Court granted the Petition for Certification in the *Allstate v. Carteret Comprehensive* appeal. The Court will thus extend its administrative termination order pending final disposition of that appeal." (citation omitted) (emphasis added)); *Gov't Emps. Ins. Co. v. Marsh*, Civ. A. No. 23-cv-21192, ECF Nos. 65 (Arleo, J.) ("Since the petition to review is pending, and a ruling by the New Jersey Supreme Court will likely bear on the arbitrability of Plaintiffs' IFPA claims here, this Court exercises its discretion relating to scheduling and case management and GRANTS Plaintiffs' request to stay Defendants' Motion to Compel. The Motion is hereby ADMINISTRATIVELY TERMINATED." (citation omitted)); *Gov't Emps. Ins. Co. v. Menkin*, Civ. A. No. 23-cv-02184, ECF Nos. 81 (Quraishi, J.) ("[T]he proceedings in this case are stayed pending further proceedings in *Allstate New Jersey Insurance Company, et al. v. Carteret Comprehensive Medical Care, P.C., et al*. The Clerk is directed to administratively terminate the case without prejudice." (emphasis added)); *see also Citizens United Reciprocal Exch. v. He*, Civ. A. No. 23-cv-02036, July 25, 2025 Text Order (Semper, J.) ("This case shall remain administratively terminated pending the *New Jersey Supreme Court's decision in Allstate New Jersey Insurance Company, et al. v. Carteret Comprehensive Medical Care, P.C., et al.*" (emphasis in original)).

GEICO argues "[t]o the extent that the Court has any doubts regarding the proper resolution of this motion . . . the most sensible and economical course would be to hold this motion in abeyance until the New Jersey Supreme Court" issues its decision. (ECF No. 75 at 30.) The Court agrees. "Though a predictive ruling by the Third Circuit [on an issue of state law] is generally binding on the district court, it is no longer binding if intermediate appellate courts have ruled to

5

the contrary and their decisions have not been overruled by the state's highest court." *Robinson v. Kia Motors Am., Inc.*, Civ. A. No. 13–006, 2015 WL 5334739, at *8 (D.N.J. Sept. 11, 2015) (citing *Aceto v. Zurich Ins. Co.*, 440 F.2d 1320, 1322 (3d Cir. 1971)). Under the Court's discretion relating to scheduling and case management, *see, e.g.*, *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2017), the Court finds it is appropriate to stay Defendants' Motion (ECF No. 70) until after the New Jersey Supreme Court renders a decision in the appeal of *Carteret Comprehensive*.[4] Such a decision will further the interests of judicial economy. *See Carter v. Warraich*, Civ. A. No. 08–1835, 2008 WL 1901022, at *3 (D.N.J. Apr. 23, 2008) ("An order administratively terminating an action . . . is issued pursuant to the Court's inherent power to control the docket and in the interests

---

[4] The Court's decision to administratively terminate the Motion pending action from the New Jersey Supreme Court is consistent with its prior decisions in a similar litigation. In *Government Employees Insurance Co. v. Caring Pain Management PC*, this Court issued an order compelling the arbitration of GEICO's IFPA claim and staying the case against the defendants' pending arbitration. *See* Dkt. No. 22-cv-05017, ECF No. 50. As Plaintiffs point out in their Opposition, there is a "critical distinction" between this case and *Caring Pain Management*. (ECF No. 75 at 15 n.5.) In *Caring Pain Management*, this Court was under a direct mandate from the Third Circuit to compel arbitration of such claims, Dkt. No. 22-cv-05017, ECF No. 48, but the Court is under no such mandate here. Moreover, in addressing Plaintiffs' Motion to Vacate, for Dismissal, or for Certifying an Order for Interlocutory Appeal in *Caring Pain Management*, this Court denied Plaintiffs' request to administratively terminate the action, but only because the request was made for the first time in Plaintiffs' reply brief, and "[a]rguments raised for the first time in a reply brief are not properly before the Court and need not be considered." *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, Civ. A. No. 22-cv-05017, 2025 WL 2017255, at *10–11 (D.N.J. July 18, 2025) (quoting *Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 540 n.7 (D.N.J. 2019)). Further, in addressing the *Caring Pain Management* defendants' subsequent motion to dismiss, this Court again denied Plaintiffs' request to hold the defendant's motion in abeyance until the New Jersey Supreme Court reviewed the Appellate Division's decision in *Carteret Comprehensive*, but it did so under the Third Circuit's mandate, and, unlike here, GEICO "engage[d] in substantial motion practice fighting the arbitration order" and only made the request for the first time in a sur-reply brief. *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, Civ. A. No. 22-cv-05017, 2025 WL 2331326, at *5–6 (D.N.J. Aug. 12, 2025).

6

of judicial economy."); *Moulton v. Remex, Inc.*, Civ. No. 19-6313, 2020 WL 13831944, at *1 (D.N.J. Feb. 27, 2020) ("[T]he principles of judicial efficiency and economy dictate that this matter must be administratively terminated."). Accordingly,

**IT IS** on this 9th day of January 2026,

**ORDERED** that Defendants' Motion to Compel Arbitration and Stay the Proceedings (ECF No. 70) is **ADMINISTRATIVELY TERMINATED**, and it is further

**ORDERED** that the parties shall jointly notify the Court as soon as a decision is issued by the New Jersey Supreme Court in the appeal of *Carteret Comprehensive*.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**